UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALIJA NUKIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15 CV 491 RWS |
| | ) |
| MASTERBRAND CABINETS, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This newly removed case is before me on my review for subject matter jurisdiction. Defendant removed this case to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332. Defendant's notice of removal contains allegations demonstrating that the parties are diverse and an allegation that plaintiff seeks to recover "an amount in excess of $75,000 . . . ." In support of its argument that more than $75,000 is at issue, defendant relies on a July 18, 2014 demand letter, in which plaintiff's former counsel demanded $350,000.00 to settle his suit. However, as defendant recognizes, plaintiff's state court petition contains a prayer for relief of an amount "in excess of $25,000.00 (Twenty Five Thousand Dollars) but less than $75,000.00." Furthermore, the demand letter only accounted for $23,652.00 in medical expenses as of the date of the letter.

To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met. Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000." § 1332(a). "When the plaintiff's complaint does not state the amount

in controversy, the defendant's notice of removal may do so." § 1446(c)(2)(a). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted *when not contested by the plaintiff or questioned by the court*." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (U.S. Dec. 15, 2014) (emphasis supplied). "Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when . . . the court questions the defendant's allegation." Id. at 554. When a court makes a factual inquiry into the amount-in-controversy issue, "the court can consider the plaintiff's pre- and post-removal settlement offers, refusals to settle, allegations of serious injuries in the pleadings, and post-removal stipulations, "as long as the stipulation can be considered as *clarifying* rather than *amending* an original pleading." Jackson v. Fitness Res. Grp., Inc., No. 4:12 CV 986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (emphasis in original) (citing Ingram v. Procter & Gamble Paper Prods. Co., No. 4:11 CV 549 CAS, 2011 WL 1564060, at *2 (E.D.Mo. Apr. 25, 2011)).

Here, the Court questions defendant's allegation regarding the amount in controversy because plaintiff's complaint contains a prayer for relief for an amount "less than $75,000.00" and the evidence provided by defendant is not sufficient for the Court to determine whether the amount-in-controversy has been satisfied by a preponderance of the evidence. See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553-54 (U.S. Dec. 15, 2014).

Accordingly,

**IT IS HEREBY ORDERED** that **defendant shall show cause in writing, within 10 days of the date of this Memorandum and Order, that this Court has subject matter jurisdiction by providing sufficient evidence for the Court to find, by a preponderance of**

**the evidence, that the amount in controversy exceeds the jurisdictional threshold. Plaintiffs may file any opposition to defendant's evidence, and/or a motion for remand, 10 days thereafter.**

                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2015.