UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALIJA NUKIC, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15 CV 491 RWS |
| | ) | |
| MASTERBRAND CABINETS, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This removed case is before me on plaintiff Alija Nukic's Motion for Remand. Defendant removed this case to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff argues that removal was improper because defendants have failed to establish that the requisite amount in controversy is met. For the reasons stated below, I will deny plaintiff's motion to remand at this time.

To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackleford, 478 F.3d 957, 963 (8th Cir. 2007)).

When removal is based on diversity of citizenship, complete diversity of citizenship among the litigants and an amount-in-controversy requirement must be met. 28 U.S.C. § 1332(a). Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000."

Id. "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." § 1446(c)(2)(a). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted *when not contested by the plaintiff or questioned by the court*." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (U.S. Dec. 15, 2014) (emphasis supplied). "Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when . . . the court questions the defendant's allegation." Id. at 554. When a court makes a factual inquiry into the amount-in-controversy issue, "the court can consider the plaintiff's pre- and post-removal settlement offers, refusals to settle, allegations of serious injuries in the pleadings, and post-removal stipulations, "as long as the stipulation can be considered as *clarifying* rather than *amending* an original pleading." Jackson v. Fitness Res. Grp., Inc., No. 4:12 CV 986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (emphasis in original) (citing Ingram v. Procter & Gamble Paper Prods. Co., No. 4:11 CV 549 CAS, 2011 WL 1564060, at *2 (E.D.Mo. Apr. 25, 2011)).

Defendant's notice of removal contains allegations demonstrating that the parties are diverse and an allegation that plaintiff seeks to recover "an amount in excess of $75,000 . . . ." In support of their argument that more than $75,000 is at issue, defendants rely on a July 18, 2014 demand letter, in which plaintiff's former counsel demanded $350,000.00 to settle his suit. Defendants also argue that the amount in controversy is met because plaintiff has alleged severe injuries to almost every part of his body, pain and suffering, future pain and suffering, lost wages, future lost wages, medical bills, future medical bills, and the loss of enjoyment of the ordinary pursuit of life.

However, as defendants recognize, plaintiff's state court petition contains a prayer for relief of an amount "in excess of $25,000.00 (Twenty Five Thousand Dollars) but less than $75,000.00." Furthermore, the demand letter only accounted for $23,652.00 in medical expenses as of the date of the letter. On March 25, 2015, I questioned whether the amount in controversy was met and ordered defendants to show, by a preponderance of the evidence, that the amount in controversy is met. In their response, defendants reiterate their argument that the severity of plaintiff's injuries, as well as the amount requested in the demand letter, show that over $75,000 is in controversy. Additionally, defendants argue that the lesser amount sought in plaintiff's petition is not relevant to the amount in controversy inquiry because plaintiff's prayer for relief is not a binding stipulation in Missouri, where a plaintiff may argue for any amount of damages regardless of the amount alleged in their prayer for relief. See R.S.Mo. § 516.097; Mo. S. Ct. R. 55.05.

On April 3, 2015, plaintiff filed a Motion for Remand, arguing that "Plaintiff's Petition stipulating to damages less than $75,000" "clearly and unequivocally limit[s] his damages to less than Seventy-Five Thousand Dollars ($75,000)." Plaintiff argues that the "claim that damages do not exceed $75,000.00 should be controlling because the claim was made in good faith."

It has been held that:

> A binding stipulation by affidavit or other binding declaration by plaintiff filed in both state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000.00, exclusive of interest and costs, protects both plaintiff and defendant and allows the court to find as a matter of law that the amount in controversy *at the time of removal* did not and does not exceed $75,000.00, exclusive of interest and costs.

McGuire v. J.B. Hunt Transp., Inc., No. 4:10CV746MLM, 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010) (emphasis in original). Here, however, the prayer for relief in plaintiff's state

court petition is not a *binding* stipulation stating that plaintiff will not ask for or accept an amount in damages in excess of $75,000. Furthermore, plaintiff's motion to remand does not contain or attach such a stipulation or affidavit. See McGuire, 2010 WL 2399550, at *4. Considering the relevant factors, I find that, at this time, defendants have established by a preponderance of the evidence that the amount in controversy exceeds $75,000. However, since a binding stipulation may still serve to clarify the amount sought by plaintiff at the time of removal, I will grant plaintiff leave to submit a binding stipulation to this Court, at which time I will reconsider the Motion to Remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand #[12] is **DENIED** without prejudice at this time.

**IT IS FURTHER ORDERED** that plaintiff is granted ten (10) days from the date of this Order to submit a binding stipulation, declaration or affidavit to this court that he will not seek, ask for or accept an amount of damages in excess of $75,000.00, exclusive of interest and costs, signed by both plaintiff and counsel for plaintiff. In addition, plaintiff shall stipulate that if the case is remanded, he will agree to file in the Circuit Court of the City of St. Louis an identical binding stipulation, declaration or affidavit signed by both plaintiff and counsel for plaintiff.

**IT IS FURTHER ORDERED** that if plaintiff submits such a stipulation, declaration, or affidavit, the Court will reconsider the Motion to Remand.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2015.