UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALIJA NUKIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15 CV 491 RWS |
| ) | |
| MASTERBRAND CABINETS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This removed case is before me on review of the file for subject matter jurisdiction. Plaintiff Alija Nukic filed this action in the Circuit Court of the City of St. Louis, Missouri on February 13, 2015. Defendants Masterbrand Cabinets, Inc., and Thomas Fred Junker removed this case to this Court on February 19, 2015, alleging diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff argues that removal was improper because defendants have failed to establish that the requisite amount in controversy is met.

The Eighth Circuit Court of Appeals has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002).

To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackleford, 478 F.3d 957, 963 (8th Cir. 2007)).

When removal is based on diversity of citizenship, complete diversity of citizenship among the litigants and an amount-in-controversy requirement must be met. 28 U.S.C. § 1332(a). Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000." Id. "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." § 1446(c)(2)(a). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted *when not contested by the plaintiff or questioned by the court*." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (U.S. Dec. 15, 2014) (emphasis supplied). "Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when . . . the court questions the defendant's allegation." Id. at 554. When a court makes a factual inquiry into the amount-in-controversy issue, "the court can consider the plaintiff's pre- and post-removal settlement offers, refusals to settle, allegations of serious injuries in the pleadings, and post-removal stipulations, "as long as the stipulation can be considered as *clarifying* rather than *amending* an original pleading." Jackson v. Fitness Res. Grp., Inc., No. 4:12 CV 986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (emphasis in original) (citing Ingram v. Procter &

Gamble Paper Prods. Co., No. 4:11 CV 549 CAS, 2011 WL 1564060, at *2 (E.D.Mo. Apr. 25, 2011)). It has been held that:

> A binding stipulation by affidavit or other binding declaration by plaintiff filed in both state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000.00, exclusive of interest and costs, protects both plaintiff and defendant and allows the court to find as a matter of law that the amount in controversy *at the time of removal* did not and does not exceed $75,000.00, exclusive of interest and costs.

McGuire v. J.B. Hunt Transp., Inc., No. 4:10CV746MLM, 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010) (emphasis in original).

Defendant's notice of removal contains allegations demonstrating that the parties are diverse and an allegation that plaintiff seeks to recover "an amount in excess of $75,000 . . . ." In support of their argument that more than $75,000 is at issue, defendants rely on a July 18, 2014 demand letter, in which plaintiff's former counsel demanded $350,000.00 to settle his suit.

However, as defendants recognized, plaintiff's state court petition contains a prayer for relief of an amount "in excess of $25,000.00 (Twenty Five Thousand Dollars) but less than $75,000.00." Furthermore, the demand letter only accounted for $23,652.00 in medical expenses as of the date of the letter. On March 25, 2015, I questioned whether the amount in controversy was met and ordered defendants to show, by a preponderance of the evidence, that the amount in controversy is met. In their response, defendants argued that the lesser amount sought in plaintiff's petition is not relevant to the amount in controversy inquiry because plaintiff's prayer for relief is not a binding stipulation in Missouri, where a plaintiff may argue for any amount of damages regardless of the amount alleged in their prayer for relief. See R.S.Mo. § 516.097; Mo. S. Ct. R. 55.05.

On April 3, 2015, plaintiff filed a Motion for Remand, arguing that "Plaintiff's Petition stipulating to damages less than $75,000" "clearly and unequivocally limit[s] his damages to less than Seventy-Five Thousand Dollars ($75,000)." Plaintiff argued that the "claim that damages do not exceed $75,000.00 should be controlling because the claim was made in good faith." Plaintiff's arguments, however, did not constitute a *binding* stipulation. On April 7, 2015, based on the evidence before me at that time, I found that defendants had established by a preponderance of the evidence that the amount in controversy requirement was met. As a result, I denied plaintiff's motion for remand. However, I granted plaintiff leave to file a binding stipulation in order to clarify the amount sought in damages at the time of removal.

On April 9, 2015, plaintiff filed a signed declaration in this Court, in which she swore that she would not "seek, ask for, or accept an amount of damages in excess of $75,000, exclusive of interest and costs." See #[14], Ex. 1. The declaration also states that plaintiff will file an identical declaration in the Circuit Court of the City of St. Louis. Plaintiff's binding declaration clarifies that the amount in controversy at the time of removal is less than $75,000. As a result, I will remand this action to state court for lack of subject-matter jurisdiction. 28 U.S.C. § 1447(e).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2015.